UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOEL WILLIAMS, JR., )
)
Plaintiff, )
) Case No. 3:13-CV-017 JD
v. )
)
J. A. CUMMINS, *et al.*, )
)
Defendants. )

OPINION AND ORDER

Joel Williams, Jr., a *pro se* prisoner, submitted a complaint against five defendants pursuant to 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Williams alleges that Police Officer Greg Ellison unlawfully seized his money and his automobile in 2001. He alleges that Prosecutor Mark R. McKinney, took the seized property, incorrectly made it a part of his criminal case, and had it illegally forfeited to the State of Indiana. He alleges that Prosecutor J. A. Cummins negotiated his plea agreement in bad faith because he never intended to return any of the seized property. He alleges that Police Officer Jeff Lacy gave

false testimony about the property which allowed it to be seized and forfeited. He alleges that his public defender, Kelly Bryan, was ineffective in his representation of him by lying to him and giving him improper advice about his plea agreement. He states that he has unsuccessfully litigated for the return of his property in his criminal case, in a small claims case, and in a civil forfeiture case.

There are many reasons why this case must be dismissed. The claims against Kelly Bryan must be dismissed because if he could prove that his defense counsel mislead him about the terms of his plea agreement, that would imply the invalidity of his conviction. Therefore, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), precludes these claims from proceeding until his conviction has been reversed, expunged, invalidated, overturned, or set aside. Moreover, even if his conviction were set aside, Williams would still not state a federal claim against Kelly Bryan because a defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981).

The claims against Prosecutors Mark R. McKinney and J. A. Cummins must also be dismissed because "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Using evidence in a criminal case and negotiating plea agreements are part of presenting the State's case. Even forfeiture proceedings are subject to prosecutorial immunity. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("absolute immunity protects prosecutor for filing public nuisance action and civil forfeiture complaint" *citing Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000).) "Moreover, absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (quotation marks and citation omitted).

As for the claims against the two police officers, Greg Ellison and Jeff Lacy, they are barred by the statute of limitations because they arose in 2001 when the property was seized. *See Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato*, 549 U.S. 384 (2007) holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . ..") "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Therefore these claims expired nearly than a decade ago – sometime in 2003. Although the statute of limitations is an affirmative defense, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Finally, Williams asks this court to review the State court forfeiture case, take additional evidence, reverse its determination, and return his seized property. This is clearly barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

> Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). This is

3

such a case. Williams clearly disagrees with the ruling of the Delaware Circuit Court, but this court lacks jurisdiction to overturn that ruling against him. If Williams wanted to appeal that ruling, he needed to have taken his case to the Court of Appeals of Indiana. This court is not the correct forum for an appeal from the Delaware Circuit Court.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  January 17, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court